Brown v New York City Tr. Auth. (2020 NY Slip Op 02998)





Brown v New York City Tr. Auth.


2020 NY Slip Op 02998


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06158
 (Index No. 15291/08)

[*1]Willie Brown, etc., respondent, 
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Finkelstein & Partners, LLP, Newburgh, NY (Lawrence D. Lissauer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 22, 2017. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 16, 2007, at approximately 12:00 a.m., the injured plaintiff slipped and fell while descending a stairway leading to the subway station at Jay Street and Fulton Street in Brooklyn, allegedly sustaining serious injuries. The injured plaintiff commenced this action alleging, inter alia, that the defendants were negligent in failing to properly light the stairway. After the injured plaintiff died, his estate was substituted as the plaintiff. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied their motion. The defendants appeal.
The defendants established their prima facie entitlement to judgment as a matter of law (see Zuckerman v City of New York , 49 NY2d 557, 562-563) by demonstrating that the lighting was adequate at the stairway where the accident occurred. The defendants submitted the affidavit of their expert, who tested the light levels at the stairway under comparable conditions, and opined that the light levels were in compliance with all applicable industry standards, including the defendants' own design guidelines. Maintenance records for the subway station indicated that on May 26, 2007, the lighting was inspected and found to be in good working order, and the stairway was found to be well lit.
In opposition, the plaintiff raised triable issues of fact as to the adequacy of the lighting at the stairway where the accident occurred. The plaintiff submitted the affidavit of an expert who obtained light level readings which differed from those of the defendants' expert. The plaintiff's expert opined that the lighting at the stairway was deficient, and failed to meet any of the standard lighting guidelines, including the defendants' design guidelines established for the subject subway station in 1993. The injured plaintiff testified at his deposition that he could not see the top [*2]steps, and the lighting was dim at that location. Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court